Sea well, J.
The design of a caption-to a bill of i&o 'dictment, is, that it may appear the indictment was taken by competent authority; and this can only be necessary ip be spread upon the proceedings, when the Court acts under special commission ; for, in- all cases where the Court sits by the authority of ¾ public law, every body jnust take notice of it, and Judges judicially know it i for Superior Courts being holden by law, it no longer follows, that it is necessary specially to set forth the powder of the Court. When the whole records are referred to in this case, (and they form part of the case), it appears that the indictment was taken by the jurors for the State, at a Superior Court holden, by authority of law, for the County of Wayne, before Samuel Loxurie, one of the Judges of the Superior Coürt. The caption not being any part of the charge, but something written Upon the top of the bill of indictment, has no influence over that which the jury have found.
Üemurrer ínusí be overruled.
Ruffin, J.
The point in this cause decided in th® State v. Jejffersp* in relation to indictments in the County Court. The act bf Assembly of 1811, c* 6, put indictments in both Courts on the same footing, as respects Jbrm. But I should, think, for the reasons given by my Brother Seawall, that independent of the act, the in* dictment would be good. It is only necessary that it should appear that the bill was found in a competent «Caurt; it is immaterial at what time -it may be.
The rest of the Court concurred.

 Conf. Ref